

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 548 |
| v. | ) | Hon. Blanche M. Manning |
| | ) | |
| WAYNE SCOTT | ) | |

FILED
DEC 03 2009
Judge Dec 3, 2009
Manning
Court

## PLEA DECLARATION

The defendant, WAYNE C. SCOTT, after consultation with his attorneys, JOHN C. KOCORAS and KRISTEN C. KLANOW, acknowledges and states the following:

1.   Mr. Scott acknowledges that he has been charged in a six-count indictment with mail fraud in violation of 18 U.S.C. Section 1341.

2.   Mr. Scott has read the charges against him contained in this indictment, and these charges have been fully explained to him by his attorneys.

3.   Mr. Scott fully understands the nature and elements of the crimes with which he has been charged.

4.   Mr. Scott will enter a voluntary plea of guilty to Count One and Count Five in the indictment.

5.   Mr. Scott will plead guilty because he is in fact guilty of the charges contained in to Count One and Count Five in the indictment. In pleading guilty, Mr. Scott acknowledges that:

From approximately June 2007 until at least October 31, 2007, and from approximately May 2009 until on or about June 17, 2009, Mr. Scott devised and participated in a scheme to defraud investors and prospective investors and to obtain money by means of materially false and

fraudulent pretenses, representations, and promises, and by material omissions. Specifically, Mr. Scott represented himself as "Chris Harper," the advertising manager of Media Concepts, an Illinois corporation with a mailing address in South Holland, Illinois. Through Media Concepts, Mr. Scott represented to potential investors that Media Concepts had "'tested and proven' monthly advertising campaigns" through which Media Concepts' investment program generated returns for investors. Mr. Scott further represented that investments in the Media Concepts' investment program were "absolutely guaranteed" to "'at the very minimum' double" within sixty days of investment. At the time of these representations, Mr. Scott knew that the funds obtained from Media Concepts' investors were not invested in advertising campaigns, were not earning any returns for investors and were misappropriated at least in part by Mr. Scott.

Mr. Scott also represented himself as "Chris Jenkins," the advertising manager for Moyer Direct Inc. ("Moyer Direct"), a Delaware corporation with a mailing address in Schererville, Indiana. Through Moyer Direct, Mr. Scott marketed to the public an investment program similar to the investment program Mr. Scott earlier offered and sold to the public through Media Concepts. At the time, Mr. Scott knew that the funds obtained from Moyer Direct's investors were not invested in advertising campaigns, were not earning any returns for investors and were misappropriated at least in part by Mr. Scott.

To effectuate these schemes to defraud investors and potential investors, Mr. Scott knowingly caused mail containing a check as alleged in Count One as well as mail containing program materials as alleged in Count Five to be sent and delivered by the United States Postal Service as alleged in those counts.

6. Mr. Scott understands that each of the counts to which he will plead guilty carries

a maximum sentence of twenty (20) years in prison and a maximum fine of $250,000 or twice the gross gain or twice the gross loss caused by the offense conduct. Furthermore, Mr. Scott understands that the charges to which he will plead guilty carry a term of supervised release of not more than three (3) years.

7. Mr. Scott understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 on each the counts to which he has pled guilty, in addition to any other penalty imposed.

8. Mr. Scott understands that by pleading guilty he surrenders certain rights, including the following:

(a) If Mr. Scott persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Mr. Scott has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Mr. Scott, the government, and the judge must all agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve citizens from the district selected at random. Mr. Scott and his attorneys would have a say in who the jurors would be by removing prospective jurors either for cause, where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty on a particular count. The jury would be instructed that Mr. Scott is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded that the government had proven Mr. Scott's guilt as beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether she is persuaded of Mr. Scott's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Mr. Scott. Mr. Scott would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Mr. Scott could present witnesses and other evidence on his own behalf. He would be under no obligation to do so, however, because he is presumed innocent and, therefore, need not prove his innocence. If the witnesses for Mr. Scott would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, Mr. Scott would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Mr. Scott desired to do so, he could testify on his own behalf.

9. Mr. Scott understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Mr. Scott's attorneys have explained those rights to him, and the consequences of his waiver of those rights. Mr. Scott further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, except that he may appeal the validity of this guilty plea or the sentence.

10. Should the judge refuse to accept Mr. Scott's plea of guilty, this Plea Declaration shall become null and void and Mr. Scott will not be bound thereto.

11. Mr. Scott agrees that this Plea Declaration shall be filed and become part of the record of the case.

12. Mr. Scott understands that upon pleading guilty to Count One and Count Five of the indictment, the government will move to dismiss Counts Two, Three, Four and Six. Mr. Scott further understands that the government will request that the Court withhold ruling on that motion until Mr. Scott is sentenced on Counts One and Five. Mr. Scott and his attorneys acknowledge that no threats, promises, representations, or agreements, other than those set forth in this paragraph and elsewhere in this declaration, have been made to induce him to plead guilty.

13. Mr. Scott further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorneys.

Signed this **3rd** day of December, 2009

_Wayne C. Scott_
Wayne C. Scott
Defendant

_John C. Kocoras_
John C. Kocoras
Kristen C. Klanow
Attorneys for Defendant

McDermott Will & Emery LLP
227 W. Monroe Street, Suite 4400
Chicago, IL 60606
P: (312) 372-2000
F: (312-984-7700

CHI99 5184839-3.099744.0078

- 5 -