UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 548 |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| WAYNE C. SCOTT | ) | |

**AGREED PROTECTIVE ORDER**

Upon the agreement of counsel for the United States ("the government") and counsel of record for defendant (hereafter "defendant's counsel"), it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including, but not limited to, grand jury transcripts, agency reports, recorded conversations, witness statements, memoranda of interview, and any document and tangible object, shall be divided into two categories: "Regular Discovery" and "Confidential" materials. Any materials not designated or marked Confidential shall be treated as Regular Discovery, as that term is described herein.

2. The parties contemplate that the government may designate as Confidential any item that it believes requires special protection. An example of such an item includes discovery material that may contain information relating to an ongoing or potential investigation of criminal wrongdoing. Defendant reserves the right to contest any government designation of Confidential. Defendant shall not file any Confidential materials publicly with the Clerk of Court or with the Court but, instead, shall first seek to obtain the permission of the Court to file the Confidential materials under seal. After the case is closed in the District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents by a motion

filed within 60 days of the close of the case. Any documents that are not withdrawn during that time period will become part of the public case file.

3. All materials produced by the government, that is, both Regular Discovery and Confidential materials, remain the property of the government. Upon conclusion of the trial of this case and any direct appeal or other proceedings in this case, or upon the earlier resolution of the charges against defendant, all of these materials and all copies made thereof shall be destroyed, unless otherwise explicitly ordered by the Court. All materials or copies withheld by the defendant's counsel only by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which such materials or copies shall be returned to the government or destroyed. The Court may require a certification as to the disposition of any such materials retained.

4. All materials produced by the government, that is, both Regular Discovery and Confidential materials, may be utilized by defendant, defendant's counsel, and agents or employees working on behalf of defendant's counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. Defendant's counsel and defendant shall not disclose these materials either directly or indirectly to any person other than defendant, defendant's counsel, persons employed to assist in the defense, agents working on behalf of defendant's counsel, a potential witness to whom documents relevant to his/her testimony may be shown in connection with the defense of this case (a "potential witness"), counsel for a potential witness, a person believed to have knowledge relevant to the prosecution or defense where it is believed that the person's relevant knowledge

may be enhanced by the opportunity to examine the material (a "person with relevant knowledge"), counsel for a person with relevant knowledge, any representative of the U.S. Probation Office, or such other persons as to whom the Court may explicitly order disclosure. Any notes or records of any kind that defendant's counsel or defendant may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant, defendant's counsel, persons employed to assist the defense, agents working on behalf of defendant's counsel, a potential witness, counsel for a potential witness, a person with relevant knowledge, counsel for a person with relevant knowledge, any representative of the U.S. Probation Office, or such other person as to whom the Court may explicitly order disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

5. When any materials produced by the government are disclosed to a potential witness, counsel for a potential witness, a person with relevant knowledge, or counsel for a person with relevant knowledge pursuant to the terms of this Order, neither the potential witness, counsel for the potential witness, the person with relevant knowledge, nor counsel for the person with relevant knowledge shall disclose these materials either directly or indirectly to any person other than defendant, defendant's counsel, persons employed to assist in the defense, agents working on behalf of defendant's counsel, or such other persons as to whom the Court may explicitly order disclosure. Any notes or records of any kind that a potential witness, counsel for a potential witness, a person with relevant knowledge, or counsel for a person with relevant knowledge may make relating to the contents of materials provided by the government

3

shall not be disclosed to anyone other than defendant, defendant's counsel, persons employed to assist the defense, agents working on behalf of defendant's counsel, or such other person as to whom the Court may explicitly order disclosure.

6. Defendant's counsel shall inform all employees or agents working on behalf of defendant's counsel to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall direct each of these individuals to comply with the terms of this Order.

7. Defendant's counsel shall inform a potential witness, counsel for a potential witness, a person with relevant knowledge, and counsel for a person with relevant knowledge to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall advise each of these individuals that they are obligated to comply with the terms of this Order.

8. The materials produced by the government shall not be copied or reproduced by defendant's counsel or defendant except so as to provide copies of these materials for use by the U.S. Probation Office, defendant's counsel, defendant and such persons as are employed by them to assist in the defense or agents working on behalf of defendant's counsel, and such copies and reproductions shall be treated in the same manner as the original matter.

9. The restrictions set forth in this Order do not apply to the government, and nothing in this Order limits the government's use and/or dissemination of these materials.

10. The restrictions set forth in this Order do not apply to defendant's use of any materials provided by the government during the period before the effective date of this Order.

However, the restrictions do apply to defendant's use of all materials after that effective date, including materials provided by the government before that effective date.

11. The restrictions set forth in this Order do not apply to documents that are in the public record or public domain. In addition, this Order does not apply to any materials that defendant obtains from any sources other than the government. Nothing in this Order shall restrict defendant or his counsel from sharing any materials with representatives of the U.S. Probation Office.

12. The Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court, and the Court retains jurisdiction to resolve disputes and enforcement of this Order.

ENTER:

_____
BLANCHE M. MANNING
United States District Judge

Dated: January 5, 2010